Filed 8/10/21  P. v. Cole CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MALEAK COLE,<br><br>Defendant and Appellant. | C092523<br><br>(Super. Ct. No. 17FE018771) |

Defendant Maleak Cole pleaded no contest to two counts of second degree robbery and admitted enhancements for use of a firearm in commission of a felony. Defendant contends the trial court abused its discretion in denying his motion to strike the firearm enhancements or impose an lesser uncharged enhancements. We find no error and affirm the judgment.

BACKGROUND

One evening, defendant and Marquiese Cheatham were riding in a vehicle when they spotted an elderly couple walking up to the couple's home. Cheatham was armed

1

with a loaded gun, while defendant carried an unloaded handgun. Defendant donned a mask, and Cheatham and defendant approached the elderly couple. While Cheatham robbed the male, defendant grabbed the female's purse. Cheatham and defendant then fled in their vehicle.

Defendant was charged with two counts of robbery of the second degree. (Pen. Code, § 211.)[1] In connection with these counts, defendant was charged with having personally used a firearm in the commission of a felony. (§ 12022.53, subd. (b).)

The probation report provided an analysis of factors in aggravation and mitigation. Specifically, the report identified in aggravation that the crime involved the threat of great bodily harm, defendant was armed with a weapon, the victims were particularly vulnerable due to their age, the manner of the crime indicated planning, defendant engaged in violent conduct indicating a serious danger to society, and the victims were robbed at gunpoint in front of their own home. For mitigation, the probation report noted defendant had no prior record. The court adopted these findings.

Defendant filed a motion with the trial court to strike the firearm enhancements on the basis that doing so would serve the interests of justice. Defendant argued he was motivated by a desire to provide necessary items for his family, as he was unemployed and desperate at the time of the crime. Defendant pointed to the fact he had an insignificant record of criminal conduct, had voluntarily acknowledged wrongdoing upon arrest, and that he had a history of depression and paranoid thoughts. Defendant also argued his children would be negatively impacted by his incarceration.

The People argued the crime showed planning, including removing the rear license plate from the car, parking it down the street from the victims' home, using firearms without serial numbers, and wearing a mask to conceal defendant's identity. The People

---

[1] Undesignated statutory references are to the Penal Code.

2

emphasized that defendant only admitted his involvement in the crime after being informed that he had been identified, and he repeatedly denied knowledge of the firearms or who they belonged to.

Defendant requested the trial court "exercise[] discretion and grant[] the defendant felony probation." The court denied defendant's request, and after defendant pleaded no contest, the court sentenced him to two concurrent terms of 12 years in prison. In denying the request, the trial court noted that bringing a weapon to a robbery, "elevate[d] the seriousness the potential violence and danger associated with the underlying crime." Although defendant's gun was unloaded at the time of the crime, there was ammunition found in the car, which the trial court found demonstrated at some point someone had intended to put ammunition in defendant's gun.

The court further noted that defendant pointed the gun at the victims, and that with Cheatham's gun being loaded, "[t]wo men collectively could have turned this encounter into a tragedy, resulting in harm or death to these people. [¶] This robbery would have been frightening to anyone of any age, but to target these two, a married couple in their sixties, as they were returning to their home . . . is utterly shameful. . . . This couple was selected because of their age and vulnerability. And that is a factor I find true and take into consideration in determining an appropriate sentence." The court noted that defendant had expressed remorse, but found this remorse did not "erase the psychological scars left upon his victims." In mitigation, the court considered that defendant had no prior criminal history and was trying to "turn his life around and has community support." The court concluded it was going to impose the firearm enhancements to punish defendant for using a firearm in the commission of a crime and to dissuade others from doing the same.

## DISCUSSION

On appeal, defendant challenges his sentence on the basis that the trial court erred in not striking the firearm enhancements or imposing an uncharged lesser enhancement.

3

At the outset of this discussion, we note that defendant's counsel has failed to provide *any* citations to the record in either the opening or reply brief. Briefs in a criminal appeal "must comply as nearly as possible" with California Rules of Court, rule 8.204,**2** which requires a brief to "support any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Rule 8.360(a).) Despite defendant's counsel's violation of this requirement, we exercise our discretion to address the merits of defendant's arguments.

Section 12022.53, subdivision (b) provides that any person who personally uses a firearm in the commission of a specified felony shall be punished by an additional term of imprisonment in state prison for 10 years. One of the specified felonies is robbery. (*Id.*, subd. (a)(4).) However, subdivision (h) allows the court to, "in the interest of justice pursuant to Section 1385 . . . strike or dismiss an enhancement otherwise required to be imposed by this section." Defendant argues the trial court abused its discretion in refusing to strike the enhancements or impose lesser uncharged enhancements pursuant to section 12022.5.

"[A] court's discretionary decision to dismiss or to strike a sentencing allegation under section 1385 is reviewable for abuse of discretion." (*People v. Carmony* (2004) 33 Cal.4th 367, 373.) A " ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citations.]" (*Id.* at p. 377.) " 'A trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it.' [Citation.]" (*People v. Stuart* (2007) 156 Cal.App.4th 165, 179.) Absent an indication to the contrary, we presume the

---

**2**       Further rule references are to the California Rules of Court.

4

trial court considered all relevant facts and arguments. (*Peake v. Underwood* (2014) 227 Cal.App.4th 428, 447; *People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

In determining whether to strike enhancements, a trial court is to consider the factors enumerated in California Rules of Court relating to general sentencing objectives and aggravating and mitigating factors. (*People v. Pearson* (2019) 38 Cal.App.5th 112, 117.) General sentencing objectives include protecting society, punishing the defendant, and deterring future offenses by the defendant or others. (Rule 4.410.) Aggravating circumstances include: the crime involved threat of great bodily harm; the defendant was armed with or used a weapon during the commission of the crime; and, the victim was particularly vulnerable. (Rule 4.421.) Mitigating circumstances include: a defendant's minimal or lack of prior criminal record; and the defendant voluntarily acknowledged wrongdoing early in the criminal process. (Rule 4.423.)

As to both the issue of striking the firearm enhancements or reducing them to lesser uncharged enhancements, the record reflects that the trial court considered the probation report, the parties' sentencing briefs and arguments at the hearing. The trial court found the victims were particularly vulnerable, defendant used a firearm in committing the offense, and the crime could have resulted in serious bodily injury to the victims. The court acknowledged defendant's lack of a prior criminal record and expression of remorse, but found these mitigating factors were outweighed by the aggravating factors. The court also considered general sentencing objectives and stated its intention that the sentence punish defendant for his crime and deter others from engaging in similar conduct.

Defendant does not claim any of these factors were improper or that the determinations were unsupported by the record. Rather, without acknowledging the aggravating factors at all, defendant argues that the trial court should have granted his request based on the mitigating factors. The record reflects the trial court considered the proper sentencing factors in denying defendant's motion to strike the firearm

5

enhancements or reduce them to lesser uncharged enhancements.  As to defendant's claim that the trial court had discretion to impose lesser uncharged enhancements, the trial court noted, the law was unsettled on this point, but "even if I had the discretion to impose a lesser gun enhancement, I decline to do either after considerable thought."  The relative weight to be given to the factors is a judgment for the trial court.  We find no abuse of discretion.

## DISPOSITION

The judgment is affirmed.

/s/
BLEASE, Acting P. J.

We concur:

/s/
MURRAY, J.

/s/
RENNER, J.

6